## Commonwealth v. Canino

*Diane Gibbons, assistant district attorney,* for the Commonwealth.
*Gary M. Gusoff,* for defendant.

BORTNER, *J.,* January 29, 1985—This case has been appealed to the Superior Court. Defendant was found guilty by a district justice of operating a motor vehicle under suspension of his operating privileges in violation of §1543(a) of the Motor Vehicle Code, 75 Pa.C.S. §1543(a). He appealed to this court and after a trial de novo before the undersigned on October 26, 1984 he was found guilty of operating a motor vehicle while his operating privileges were suspended. We set forth our reasons for so finding below.

The prosecution introduced at trial a certified copy of the letter from the Bureau of Traffic Safety notifying defendant of the suspension of his driver's license effective as of December 15, 1983. This notice indicates that it was mailed to defendant on November 10, 1983. Defendant testified, however, that he never received notice of the suspension and that he first became aware that his operating privileges had been suspended on December 17, 1983 when

he was cited for speeding and driving while under suspension.

Defendant contends that the evidence was insufficient to establish that he had actual notice of the suspension of his driver's license, and without such proof, he could not be found guilty of the offense of driving while his operating privilege was suspended.

Defendant argues that under the authority of Commonwealth v. Kane, 460 Pa. 582, 333 A.2d 925 (1975), the element of actual notice of the suspension is not satisfied beyond a reasonable doubt where the only evidence presented is that a notice of such suspension was mailed.

However, Kane is distinguishable from the present case on at least two points.* First, in Kane where there had been a discrepancy between the address typed in two places in the certified records, the Pennsylvania Supreme Court held that an officially certified copy of appellant's record, which in-

---

*Kane may also be distinguishable on another point. Kane was decided in 1975 based upon the old motor vehicle code. The old code classified the violation of operating a motor vehicle after its registration had been suspended as a misdemeanor. 75 P.S. §624. Because such a violation was a misdemeanor, the Kane case properly framed the issue in a criminal context: "whether admissable evidence of mailing, standing alone, is *sufficient evidence* to establish one of the elements of the crime [(notice)] *beyond a reasonable doubt.*" However, the new vehicle code, effective as of July 1, 1977, classifies the offense of driving while operating privileges are suspended as a summary offense, 75 Pa.C.S. §1543(a). Section 305(a)(1) and (2) of the crimes code, 18 Pa.C.S. 305, states inter alia that the requirements of culpability prescribed by §302 (". . . a person is not guity of an offense unless he acted intentionally, knowingly, recklessly or negligently. . . .") do not apply to summary offenses. This raises an interesting question: is the element of actual notice (i.e. knowledge) an element of the new summary offense of driving while operating privileges are suspended?

dicated that a notice had been sent, was insufficient to establish actual notice of his suspension. We are of the opinion that where, as in the present case, notice has been sent by the Bureau of Traffic Safety of the Department of Transportation to defendant's correct address and the court finds defendant's testimony that he did not receive notice was not credible, the normal inference that notice was received will satisfy the requirement of notice. See Department of Transportation, Bureau of Traffic Safety v. Conroy, 26 D. & C. 3d 499 (1982).

Secondly, this is not a case where the only evidence presented is that a notice of suspension was mailed to defendant. In this case evidence was also introduced that defendant had actual notice of the suspension at the time of the violation on December 17, 1983 based upon the remark "my lawyer was supposed to have an injunction on my license," as noted on the citation itself, which defendant allegedly made to the arresting police officer. Cf. Commonwealth v. Trunzo, 20 D. & C. 3d 738 (1981).

Accordingly, we find based on all the evidence that defendant had actual notice of the suspension and was guilty of driving while his operating privilege was suspended.

## ORDER

And now, this January 31, 1986, upon consideration of defendant's motion in arrest of judgment on the charge of operating a vehicle while operator's privileges are suspended or revoked, 75 Pa.C.S. §1543, it is hereby ordered and decreed that the motion is granted and the charge against him is dismissed. Commonwealth v. Martin,      Pa. Super. ,499 A.2d 344 (1985).